TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel: (212) 354-0025
Fax: (212) 869-0067
Attorneys for Plaintiffs





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHOOSAN SHIPPING PTE LTD. and
GALBORG PTE LTD.,

          Plaintiffs,

- against -

CORINTH PIPEWORKS S.A.,

          Defendant.
------------------------------------------------------------X

## VERIFIED COMPLAINT

The Plaintiffs, CHOOSAN SHIPPING PTE LTD. (hereinafter "CHOOSAN") and GALBORG PTE LTD. (hereinafter "GALBORG") (collectively hereinafter "Plaintiffs"), by their attorneys, Tisdale & Lennon, LLC, as and for their Verified Complaint against the Defendant, CORINTH PIPEWORKS S.A. (hereinafter "Defendant") allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, CHOOSAN was and still is an entity duly organized and existing by virtue of the laws of Singapore.

3. At all material times, GALBORG was and still is an entity duly organized and existing by virtue of the laws of Singapore.

4. Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Greece.

5. By a time charter party dated January 31, 2007, CHOOSAN chartered the motor vessel "YELLOWSTONE" (hereinafter the "Vessel") to GALBORG for a period of time at the rate of $15,000 per day.

6. By a voyage charter party dated March 8, 2007, GALBORG chartered the Vessel to Defendant for the purpose of carrying steel pipes from Greece to the U.S. Gulf Coast.

7. Defendant caused to be loaded aboard the Vessel a cargo of steel pipes for which CHOOSAN, as Vessel Owners, issued bills of lading covering the cargo. Defendant is identified on the bills of lading as the shippers of the cargo.

8. Pursuant to the voyage charter party between GALBORG and Defendant the Defendant was responsible for properly loading the steel pipes aboard the Vessel.

9. Upon information and belief, the loading of the steel pipes was carried out negligently and contrary to good shipping practices and as a result the cargo shifted whilst loaded in the Vessel and while underway from Greece bound for New Orleans.

10. As a result of the cargo shifting the Vessel incurred significant physical damages requiring temporary repairs to be carried out at New Orleans, which have been carried out, and permanent repairs that will be carried out in the future overseas. Further, the Vessel was out of service during the temporary repairs carried out in New Orleans, cargo discharge has been extended and the Vessel will be out of service when permanent repairs are carried out in the future overseas.

11. As a result of Defendant's breach of its voyage charter party with GALBORG, and also its breach of its duty to CHOOSAN as Shippers under the bills of lading, the Plaintiffs have suffered losses in the total principal sum of $1,376,153 as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

12. Pursuant to the respective charter parties, and the bills of lading which incorporated the voyage charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

13. As a result, CHOOSAN is currently preparing to commence arbitration on its claims against GALBORG, under the head charter party as its charterer, and against Defendant as the Shippers of the cargo under the bill of lading and also for their negligent and otherwise improper stowage of the cargo, which caused damaged to the Vessel.

14. As a result, GALBORG is currently preparing to commence arbitration on its indemnity claims against Defendant, for any amounts it is determined to be liable to CHOOSAN under the head charter party, and also for any direct claims it has against Defendant, arising from Defendant's breach of the voyage charter party.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings conducted pursuant to English Law. As best as can now be estimated, Plaintiffs expect to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $1,126,153; |

*Houston Temporary Repairs / Detention / Costs*

i. Temporary vessel repairs - $200,000;
ii. Vessel detention - $90,000;
iii. Vessel fuel costs - $7,012.50;
iv. Pilotage - $1,500;
v. Tugs - $10,000;
vi. Agency fee - $1,100;
vii. Lines handlers - $2,000;

*Future Permanent Repairs / Detention / Costs*

viii. Estimated permanent repair costs - $556,684;
ix. Estimated vessel detention - $210,000;
x. Estimated vessel fuel costs - $17,202.50
xi. Estimated pilotage costs - $2,400;
xii. Estimated tugs - $5,800;
xiii. Estimated berthing costs - $7,374;
xiv. Estimated port dues - $12,080;
xv. Estimated lines handlers - $1,500;
xvi. Estimated agency fee - $1,500.

| | | |
|---|---|---:|
| B. | Estimated cargo damage claim: | $250,000; |
| C. | Estimated interest on the principal claim at 7.0% for three years: | $309,693; and |
| D. | Attorneys' fees and other recoverable costs: | $150,000. |
| Total: | | **$1,835,846.** |

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

17. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiffs' claims as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,835,846** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

5

C.  That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: April 24, 2007
New York, New York

The Plaintiffs,
CHOOSAN SHIPPING PTE LTD. and
GALBORG PTE LTD.

By: _____
Nancy R. Peterson (NP 2871)
Kevin J. Lennon (KL 5072)

TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
npeterson@tisdale-lennon.com
klennon@tisdale-lennon.com

6

# ATTORNEY VERIFICATION

State of Connecticut )
                     ) ss: Town of Southport
County of Fairfield  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiffs in this action. I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiffs is that the Plaintiffs are corporations none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiffs and their solicitors, all of which I believe to be true and accurate.

Dated: April 24, 2007
       Southport, Connecticut

_____
Nancy R. Peterson

7